UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES SHERMAN,

Defendant.

No.  2:13-cr-00302-MCE

FINAL PRETRIAL ORDER

TRIAL DATE: September 16, 2019
TIME: 9:00 a.m.

A Trial Confirmation Hearing was held on August 1, 2019.  Jason Hitt appeared as counsel for the United States.  Christopher Cosca appeared as counsel for the Defendant.  After hearing, the Court makes the following findings and orders:

I.    DATE AND LENGTH OF TRIAL

A trial is scheduled for **September 16, 2019** at 9:00 a.m. in courtroom 7.  The estimated length of trial is four (4) days.  The Court will permit each side up to one (1) hour for closing arguments unless otherwise specifically ordered by the Court.  The United States will be permitted to reserve time for rebuttal purposes but will be required to monitor any time so reserved.

///

///

///

II.    MOTIONS IN LIMINE

Any motions in limine shall be filed in **one** document by **August 26, 2019**. Any opposition(s) to those motions in limine shall be filed in **one** document by **September 3, 2019**.  Any reply(ies) shall be filed in **one** document by **September 9, 2019**.  Hearing on motions in limine is scheduled for **September 12, 2019** at 10:00 a.m. in courtroom 7.

III.    AGREED STATEMENTS - JOINT STATEMENT OF CASE

It is <u>mandatory</u> the parties file a short, jointly-prepared statement concerning the nature of this case that will be read to the jury at the commencement of trial.  The joint statement of the case shall include in plain concise language the claims of the United States of America and claims of other parties, if any.  The purpose of the joint statement of the case is to inform the jury at the outset what the case is about.  The statement must be filed by **September 3, 2019**.

IV.    TRIAL BRIEFS

The parties shall file trial briefs not later than **September 3, 2019**.

V.    WITNESSES

The parties are ordered to file their witness lists on or before **September 3, 2019**. Each party may call a witness designated by the other.  The parties must expressly reserve the right to call additional witnesses at trial.

VI.    EXHIBITS - SCHEDULES AND SUMMARIES

The parties are ordered to file their exhibit lists on or before **September 3, 2019**. The parties must expressly reserve the right to offer additional exhibits at trial.

The United States' exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  After A-Z is exhausted, defense counsel is to use A2 through Z2, then begin with A3 through Z3, and so on. <u>Each</u> page in all multi-page exhibits shall be marked for identification and all photographs <u>must</u> be marked individually.

///

///

| | | | |
|---|---|---|---|
| 1 | A footer must be used to mark exhibits and must be in the following format:  Case | | |
| 2 | Number, Case Name, Party Offering Exhibit, Exhibit Number or Letter, Page of Exhibit | | |
| 3 | with length of exhibit.[1] | | |

4   Each party may use an exhibit designated by the other.  In the event the United

5   States and the Defendant offer the same exhibit during trial, that exhibit shall be referred

6   to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay

7   attention to this detail so that all concerned, including the jury, will not be confused by

8   one exhibit being identified by both the United States and the Defendant.

9   Exhibit lists must be in Microsoft Word, filed in the table format shown below, and

10   emailed to <u>mceorders@caed.uscourts.gov</u> by **September 3, 2019**.

11

| EXHIBIT IDENTIFICATION | EXHIBIT DESCRIPTION | DATE OFFERED | DATE ADMITTED |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

16   The parties are ordered to provide an electronic version of exhibits and their

17   exhibit lists to the Courtroom Deputy on a jump drive (also known as, among other

18   things, a flash drive, USB drive, etc.) by **September 3, 2019**.  Unless otherwise ordered

19   by the Court, the parties shall retain custody of any physical exhibits incapable of being

20   submitted electronically and shall remain responsible for the custody of those exhibits

21   throughout the duration of the trial.

22   The Court shall be presented with one copy of the exhibit(s) in a 3-ring binder(s)

23   with a side tab identifying each exhibit by number or letter by **September 3, 2019**.  Each

24   binder shall be no larger than three inches in width and have an identification label on

25   the front and side panel.

26   ///

---

[1] Example of exhibit stamp footer.

VII.    PROPOSED VOIR DIRE, JURY INSTRUCTIONS, VERDICT FORM

A.    <u>Voir Dire</u>

The parties are ordered to file their proposed voir dire on or before **September 3, 2019**.   The Court reserves the right to conduct all examination of prospective jurors.  Notwithstanding this reservation, the Court will permit each side up to ten (10) minutes to conduct further voir dire, if desired.

B.    <u>Jury Instructions</u>

The parties shall primarily use the Ninth Circuit Model Jury Instructions and any revisions.  However, instructions or authority may be submitted to the Court for approval. Attached for review are the Court's standard opening and closing instructions for your use, taken from the Ninth Circuit's Model Jury Instructions.  If counsel has no objections to the Court's use of these opening and closing instructions, counsel need not submit their own opening and closing instructions.

The proposed instructions must be filed by **September 3, 2019** and shall be identified as "Jury Instructions Without Objection" and/or "Jury Instructions With Objection," respectively.

All proposed instructions shall be, to the extent possible, concise, understandable, and free from argument.  <u>See</u> Local Rule 163(c).  Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.

C.    <u>Verdict Form</u>

The parties are ordered to file their proposed verdict forms on or before **September 3, 2019**.

D.    <u>Submission of Documents to the Court</u>

At the time of filing their proposed witness list(s), jury instruction(s), and verdict form(s), counsel shall also electronically mail these filings to the Court, in Microsoft Word format.  **These documents MUST be sent to:** <u>mceorders@caed.uscourts.gov</u>**.**

4

VIII.   CHOICE NOT TO FILE DOCUMENTS

        Should either party choose not to file a trial brief, witness list, exhibit list, proposed voir dire, proposed jury instructions, or proposed verdict forms, that party must notify the Court in writing by **September 3, 2019** that it will not be filing such documents.

IX.   AUDIO/VISUAL EQUIPMENT

        The parties are required to file electronically a joint request to the Courtroom Deputy by **September 3, 2019** if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date and time for such orientation.

X.   PERSONS WITH COMMUNICATION DISABILITIES

        To the extent the services of a foreign language interpreter, sign language interpreter or other appropriate auxiliary aids and services are required during the course of this trial, counsel is to notify the Court, in writing, not later than **September 3, 2019**, in addition to contacting the Access Coordinator/Staff Interpreter, Yolanda Riley-Portal, at (916) 930-4221 or yriley-portal@caed.uscourts.gov.  The foreign language interpreter must be a court certified interpreter in good standing and have an oath on file with this Court prior to the commencement of trial.

XI.   OBJECTIONS TO FINAL PRETRIAL ORDER

        The parties may file an objection or request augmentation of this Final Pretrial Order not later than **August 8, 2019**.  The Final Pretrial Order will be modified only upon a showing of manifest injustice.  If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action.

DATED:  August 1, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

## 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## 3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge[s]. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge[s] beyond a reasonable doubt.

### 3.3 DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.



### 3.4 DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.



## 3.5 REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## 3.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits received in evidence; and

3.      any facts to which the parties have agreed.

## 3.7 WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, have said in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the witness's opportunity and ability to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 3.10 EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.



## 4.1 STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## 4.6 IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

STANDARDS

## 4.14 OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**4.15 SUMMARIES NOT RECEIVED IN EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## 4.16 CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.



## 5.6 KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## 5.7 DELIBERATE IGNORANCE

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1.      was aware of a high probability that [e.g., drugs were in the defendant's automobile], and

2.      deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that [e.g. no drugs were in the defendant's automobile], or if you find that the defendant was simply careless.

# 7.1 DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# 7.2 CONSIDERATION OF EVIDENCE

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## 7.3 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.



## 7.4 JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.



**7.5 VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

## 7.6 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.